1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES : | |
| : | |
| v. : | No. Cr. 03-249 |
| LODISE WADLEY : | |
| : | |
| : | |

**Defendant's Supplemental Sentencing Memorandum**
**Pursuant to U.S. v. Booker**

In *United States v. Booker, and United States v. Fanfan*, Nos. 04-104, 04-105 slip.op. (S.Ct. Jan. 12, 2005) *("Booker")* the Supreme Court held that the Federal Sentencing Guidelines' provisions requiring that sentences be enhanced whenever a sentencing judge finds, as a matter of fact based on a preponderance of the evidence, that certain aggravating factors are present violate a criminal defendant's Sixth Amendment rights to trial by a jury of his or her peers and to have guilt established beyond a reasonable doubt. In so doing, the Court held that judges may consult the Guidelines as an advisory tool and may, but are not required to, impose a sentence within the applicable Guidelines range.  Effectively, the Court determined that the Guidelines can be constitutionally applied as written only if they are "advisory"-providing a sentencing judge with guidance as to the appropriate sentence to impose-but not mandatory.

Title 18 U.S.C.  Section 3553(a) as enacted by the Sentencing Reform Act of 1984 requires that the Court consider several enumerated factors, including the purposes of sentencing, and "impose a sentence sufficient, but not greater than necessary, to comply with" the purposes of sentencing set forth in §3553(a)(2).  In the present case Mr. Wadley faces a mandatory thirty year consecutive sentence above any sentence imposed under the guidelines.

2

Accordingly, because the mandatory sentence standing alone is sufficient to comply with the purposes of sentencing, Mr. Wadley respectfully urges that the Court sentence him to a minimal amount of time on the non-924c counts followed by the mandatory consecutive sentences required by that statute.

                                        Respectfully submitted,

                                        Patrick J. Egan

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that the attached Memorandum has been served upon:

          Joseph LaBar

          Assistant United States Attorney

          United States Attorney's Office

          615 Chestnut Street

          Suite 1250

          Philadelphia, PA 19106-4476

by electronic and hand delivery on this date: January 19, 2004, 2004

                                                        _____

                                                          Patrick J. Egan

                                                          239 South Camac Street

                                                          Philadelphia, PA 19107

                                                          215-546-5040