```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :    CRIMINAL ACTION
                              :    NO. 03-249
     v.                       :
                              :    CIVIL ACTION
LODISE WADLEY                 :    NO. 08-1420
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    October 21, 2008

    Lodise Wadley was convicted by a jury on February 26, 2004, of various drug and gun charges.  On January 20, 2005, the District Court imposed a guideline sentence of 622 months imprisonment, six years of supervised release, $700 special assessment and a $2,000 fine.  The defendant filed a Notice of Appeal and the United States Court of Appeals for the Third Circuit confirmed Wadley's conviction.  Wadley sought <u>certiori</u> to the Supreme Court.  Certiori was denied on March 26, 2007.  Wadley filed this petition under 28 U.S.C. § 2255 on March 25, 2008.  The Court denies the petition.

    The defendant claims that his trial counsel was ineffective for failing to take four actions:  (1) request a competency examination of the defendant; (2) file a pretrial motion to dismiss Count VIII of the superseding indictment and/or raise a Rule 29 challenge as to Count VIII; (3) object to the Court's charge as to Count VI; and (4) challenge Count IX of the superseding indictment as being facially deficient.

Whether or not counsel will be considered "ineffective" for habeas purposes is governed by the two-part test articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, the defendant must prove that (1) counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different.  *Id*. at 687-96; *see also United States v. Nino*, 878 F.2d 101 (3d Cir. 1989).

In evaluating the first prong, a Court must be "highly deferential" to counsel's decision and there is a "strong presumption" that counsel's performance was reasonable.  *United States v. Kauffman*, 109. F.3d 186 (3d Cir. 1997) (citing *Strickland*).  Counsel must have wide latitude in making tactical decisions.  *Strickland*, 466 U.S. at 689.  The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  *United States v. Gray*, 878 F.2d 702, (3d Cir. 1989).

The conduct of counsel should be evaluated on the facts of the particular case, viewed as of the time of the conduct.  *Strickland*, 466 US. At 690.  The United States Court of Appeals for the Third Circuit, quoting *Strickland*, has cautioned that: the range of reasonable professional judgments is wide and courts must take care to avoid illegitimate second-guessing of counsel's

strategic decisions from the superior vantage point of hindsight. *Gray*, 878 F. 2d at 711.

For the second prong, the courts have defined a "reasonable probability" as one which is sufficient to undermine confidence in the outcome. *Strickland*, 466. U.S. at 694.  Put another way, whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt.  The effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial.

The Court considers each claim of ineffectiveness seriatim.

1.   Trial counsel was not ineffective for failing to request a competency examination of the defendant.  During the trial, the defendant disrupted the proceedings on numerous occasions and the trial judge ordered the defendant's removal to a room equipped with video and sound monitors and a telephone to communicate with his attorney.  Wadley argues here that, in view of this conduct and one of his filings, his counsel should have sought a competency examination.  This argument is without merit for two reasons.

First, Wadley raised this issue before the United States Court of Appeals for the Third Circuit when he argued that the District Court improperly failed to order a competency examination *sua sponte*.  The Court of Appeals held that the

defendant's conduct did not require the District Court to find that there was reasonable cause to believe that he may have been incompetent. Second, the sole strange pleading on which Wadley relies for his incompetency claim was typical of pleadings filed at the time by inmates at the Federal Detention Center in Philadelphia who elected to follow a plan circulated at the institution to delay or disrupt court proceedings.  Wadley's disruptive conduct before the Court was an element of the suggested course of action.  Wadley has presented no evidence from which counsel could or should have concluded that competency was at issue so counsel did not err by not requesting a competency examination of Wadley.

    2.   Wadley's counsel was not ineffective for failing to raise a facial challenge to Count VIII of the superseding indictment charging a violation of 21 U.S.C. § 856(a)(1) (maintaining a residence for manufacturing, distributing and using a controlled substance), or for failing to argue insufficient evidence as to Count VIII.  On appeal, Wadley argued that the evidence proving him guilty of Count VIII was insufficient.  The Court of Appeals disagreed.  Wadley now claims that trial counsel should have filed a motion under Rule 12(b)(3) to dismiss Count VIII because the statute is ambiguous and the indictment was insufficient on its face.  He again raises insufficiency of the evidence when he argues that his attorney

should have raised a Rule 29 argument specifically attacking this count.

21 U.S.C. § 856(a)(1) is not void for vagueness and counsel had no obligation to file a motion on this ground. Nor were there any grounds for trial counsel to argue for dismissal of Count VIII under Rule 12(b)(3). Finally, the evidence was sufficient so not filing a Rule 29 motion was not ineffectiveness

3. Trial counsel was not ineffective for failing to object to the charge on the elements of 18 U.S.C. § 924(c)(1). The Court did initially mis-speak in giving its instructions on Count VI and trial counsel brought the error to the Court's attention. The Court corrected its instruction before the jury retired to deliberate. There was no ineffective assistance here.

4. Count IX of the Indictment was not facially deficient because it did not allege that the defendant had committed a second or subsequent violation of 18 U.S.C. § 924(c) thus exposing him to a mandatory sentence of 25 years in prison. Because the indictment was not facially deficient, trial counsel was not ineffective for failing to challenge it. Sentencing enhancements contained in 924(c)(1)(c) need not be charged in the Indictment nor proven to the jury because they do not allow for the imposition of a sentence greater than the statutory maximum.

An appropriate Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :   CRIMINAL ACTION
                              :   NO. 03-249
     v.                       :
                              :   CIVIL ACTION
LODISE WADLEY                 :   NO. 08-1420
```

ORDER

AND NOW, 21st day of October, 2008, upon consideration of Defendant's Section 2255 Petition and the government's response, **IT IS HEREBY ORDERED** that said Petition is **DENIED** for the reasons stated in a Memorandum of today's date.

BY THE COURT:

/s/ Mary A. McLaughlin
_____
MARY A. McLAUGHLIN, J.