# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| v. | : | CRIMINAL NO. 03-249 |
| LODISE WADLEY | : | |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION TO REDUCE SENTENCE
## PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

Defendant Lodise Wadley seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), based on changes in sentencing law that do not apply retroactively to this case. The government submits that compassionate release is not available on this basis as a matter of law. The legal question is pending before the Third Circuit, and the government suggests that this matter be stayed pending its resolution.

**I. Background.**

Defendant Wadley's convictions in this case arose from two separate incidents in 2003.

First, on January 24, 2003, Philadelphia police officers saw Wadley sell a packet of crack cocaine (134 milligrams) to a person on the street near 24th and Dickinson Streets. When the officers approached, the customer ran and dropped the packet, while Wadley also fled. During the ensuing chase of Wadley, he dropped additional packets of

crack (totaling 160 milligrams) and threw a loaded .45 caliber pistol. Wadley was apprehended and the contraband was recovered.

Second, on May 7, 2003, ATF Special Agents arrested Wadley at his property at 1531 South Taylor Street pursuant to a warrant. They observed contraband during the course of the arrest, and obtained a search warrant. During the ensuing search, agents found four handguns, numerous cell phones, drug packaging, and a notebook containing drug tally sheets. In the laundry room, they found a table set up with a large amount of drug paraphernalia, which included a large amount of drug packaging, two digital scales with cocaine base residue on them, straws specially cut for use as drug packaging tools, and plates and razor blades commonly used to process crack cocaine. Additional ammunition, paraphernalia, and a bulletproof vest were found elsewhere in the property.

On November 4, 2003, the grand jury returned a superseding indictment charging Wadley with violations of 21 U.S.C. § 841(a) (possession with the intent to distribute cocaine base ("crack") – Counts 1 and 3); 21 U.S.C. § 841(a) (distribution of cocaine base ("crack") – Count 4); 21 U.S.C. § 860 (distribution of and possession with intent to distribute cocaine base ("crack") within 1,000 feet of a school – Counts 2 and 5); 21 U.S.C. § 856(a)(1) (maintaining a residence for manufacturing, distributing, and using controlled substances – Count 8); 18 U.S.C. § 924(c)(1) (carrying a firearm during and in relation to a drug trafficking crime – Count 6); 18 U.S.C.§ 924(c)(1) (possessing firearms in furtherance of a drug trafficking crime – Count 9); 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon – Counts 7 and 10); and 18 U.S.C. § 931 (possession of body armor by a convicted felon – Count 11).

On February 23, 2004, the government moved to withdraw Count One of the indictment, charging possession with the intent to distribute cocaine base ("crack"), and Count Two, charging distribution and possession with intent to distribute cocaine base ("crack") within 1,000 feet of a school. That motion was granted.

His motions to suppress evidence and otherwise sanction the government were denied. During the pretrial proceedings, before the Hon. Clarence Newcomer, the defendant repeatedly refused to abide by the district court's procedures, and repeatedly interrupted the district court's comments and insisted that his objections be addressed immediately. Despite warnings and admonitions from the Court he persisted in his disruptive conduct. Finally, the Court ordered his removal to a room equipped with video and sound monitors and a telephone to communicate with his attorney, and directed that defense counsel proceed.

The defendant's jury trial began on February 24, 2004. Before jury selection, Wadley was brought back to the courtroom. The Court explained that he was entitled to participate in the process, and asked for Wadley's position on whether he wished to do so. Wadley again raised a frivolous jurisdictional argument, again interrupted the Court, and refused to behave properly, and was again ordered removed. He was again confined to a room equipped with video and audio equipment, allowing him to see and hear the proceedings, and a phone with which to communicate with his counsel. The next day, the Court again discussed the situation with Wadley, and he again misbehaved and was removed.

The trial jury convicted Wadley of all counts. On January 20, 2005, a sentencing hearing was held before Judge Newcomer. Wadley behaved appropriately in the courtroom and participated fully in the hearing.

The Court determined that Wadley was subject to sentencing as a career offender, under U.S.S.G. § 4B1.1, based on a 1993 conviction for robbery (Wadley, at age 18, robbed multiple victims at gunpoint), for which he was sentenced to 11.5 to 23 months; and a 1996 conviction for burglary (at age 22, he broke into a property in an attempt to avoid arrest and attempted to steal personal property from inside), for which he was sentenced to two to four years. (Wadley also had one more prior conviction, in 1995, for unlawful possession of a gun, for which he was sentenced to 3-6 months.) The offense level was 34, criminal history category VI, producing a guideline range of 262 to 327 months, plus mandatory consecutive sentences totaling 360 months on the two 924(c) charges.

The sentencing took place a week after the decision in *United States v. Booker*, 543 U.S. 220 (2005), and defense counsel argued for a variance to the mandatory minimum terms, which totaled 382 months. The Court instead elected to impose a total sentence of 622 months (51 years and 10 months), at the bottom of the advisory guideline range.

The judgment was affirmed on appeal, *United States v. Wadley*, 185 F. App'x 137 (3d Cir. 2006), and the Supreme Court denied a petition for certiorari. Wadley thereafter filed numerous petitions for habeas relief, without success.

Wadley is serving his sentence at FCI Gilmer, with a minimum release date of December 12, 2047. He has served approximately 219 months, and has credit for good conduct time of approximately 27 months, for total time served of approximately 246 months. His disciplinary record in recent years has been good. He has committed the following infractions: refusing to obey and order (Jan. 22, 2004), and possessing a dangerous weapon (May 12, 2008; Oct. 7, 2009; and Jan. 18, 2012).

On April 13, 2021, after exhausting a request for administrative relief, Wadley presented a motion to this Court for compassionate release. On June 29, 2021, the Court ordered the government to respond within 30 days. The government regrets that it overlooked that order in this closed case, and respectfully requests that the Court consider this response, filed on August 18, 2021.

## II. Discussion.

The defendant's motion is premised on recent changes to sentencing law.[1] He presents a variety of challenges to his current sentence, asserting that he today would receive a significantly lower sentence under current law. Some of his assertions are correct, and some are not. The bottom line is that he would in fact receive a much lower sentence under current law, but various legal doctrines prohibit relief for him at this time. Wadley therefore seeks to instead obtain relief through application of the compassionate release statute. The government asserts that such relief is not available as a matter of law.

---

[1] Wadley also asserts that he has been rehabilitated, but that alone may not provide the basis for compassionate release. 28 U.S.C. § 994(t). Unlike most compassionate release motions at the present time, Wadley's is not premised on medical grounds.

1. Wadley first observes that the "stacked" sentences he received under 18 U.S.C. § 924(c) – five years for his first offense and a consecutive 25-year term for the second – would not apply, and he instead would be subject to mandatory minimum terms totaling 10 years for these crimes. That is correct. Under Section 403 of the First Step Act of 2018, the 25-year consecutive term for a successive 924(c) crime no longer applies where, as here, the defendant was not previously convicted of a 924(c) crime. He instead would receive "stacked" terms of five years each on the two counts. However, in Section 403(b) of the Act, Congress explicitly provided that the change does not apply retroactively to any case, like this one, in which the sentence was imposed before the December 21, 2018, effective date of the Act. *See United States v. Hodge*, 948 F.3d 160 (3d Cir. 2020).

2. Wadley next states, correctly, that he would not be sentenced today as a career offender, and would instead be subject to a much lower advisory guideline range. That is because, following an amendment to the Sentencing Guidelines in 2016, one of Wadley's two required predicate convictions, for burglary, is no longer listed as a qualifying predicate. The Sentencing Commission, however, did not declare this change retroactive. Further, to the extent that Wadley seeks to challenge the application of the earlier guideline on vagueness grounds, citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Supreme Court foreclosed such a challenge in *Beckles v. United States*, 137 S. Ct. 886 (2017).

3. Wadley states that he is eligible for consideration for a reduced sentence under Section 404 of the First Step Act, which declared retroactive the provisions of the Fair

Sentencing Act of 2010 adjusting the statutory penalties for crack cocaine offenses. This is not correct. Based on the quantity of crack involved in this case, Wadley was sentenced pursuant to 21 U.S.C. § 841(b)(1)(C), which at the time applied to any offense involving less than five grams of crack. In *Terry v. United States*, 141 S. Ct. 1858 (2021), the Supreme Court held that a person convicted of such an offense is not eligible for relief under Section 404, given that the statutory penalties for the crime were the same before and after passage of the Fair Sentencing Act.

    4. Finally, Wadley challenges his conviction under 18 U.S.C. § 922(g)(1), for possession of a firearm by a felon, based on the decision in *Rehaif* v. *United States*, 139 S. Ct. 2191 (2019), which held that a conviction for this offense requires proof that the defendant knew at the time of the crime of his prohibited status. Wadley's main objection is that the indictment in this case did not allege that fact, but in fact the indictment here, which tracked the language of the statute, was sufficient, as the en banc Third Circuit held in *United States v. Nasir*, 982 F.3d 144, 162 n.15 (3d Cir. 2020) (en banc), *overruled on other grounds*, *Greer v. United States*, 141 S. Ct. 2090 (2021). As for the sufficiency of the evidence at trial, *Greer* stated:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (C.A.4 2020) (Wilkinson, J., concurring in denial of reh'g en banc).

*Greer v. United States*, 141 S. Ct. at 2097. The Court further stated that the defendant must make a representation that he would have presented evidence at trial that he did not

in fact know he was a felon when he possessed a firearm, and that in reviewing that claim the court may consider the entire record, including a presentence report. *Id*. Wadley makes no such representation here, nor would any such representation be plausible.

In sum, Wadley would receive a lower sentence under current law both because of the significant reduction of stacked 924(c) sentences, and the change in the career offender provision. But the law clearly provides that these changes do not apply retroactively in his case.[2]

Based on these developments, the defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to reduce a sentence upon a showing of "extraordinary and compelling reasons." However, these circumstances as a matter of law do not by themselves allow relief under Section 3582(c)(1)(A)(i).

The legal issue is complex. The defendant, in effect, is seeking retroactive application of Section 403 of the First Step Act of 2018, which reduced the statutory penalties in 18 U.S.C. § 924(c). However, the determination of the retroactivity of a statutory provision is made by Congress, *Dorsey v. United States*, 567 U.S. 260, 274 (2012), and here Congress stated its intent explicitly, barring retroactive application.

---

[2] If Wadley were sentenced under current law, the base offense level under Section 2K2.1 would likely be 20, based on Wadley's prior commission of a single crime of violence, increased by 4 under Section 2K2.1(b)(6) because he possessed firearms in connection with other felony offenses. His criminal history category would be IV (the total of criminal history points would be reduced from 10 to 8 due to elimination of the "recency" enhancement that applied here). The advisory range would be 77 to 96 months, plus mandatory consecutive sentences totaling 120 months for the 924(c) offenses, for a total range of 197 to 216 months. Wadley may obtain relief in the future, as legislation to make relevant portions of the First Step Act retroactive is pending. He may also seek executive clemency.

Likewise, pursuant to 18 U.S.C. § 3582(c)(2), only the Sentencing Commission may allow retroactive application of a change in the Sentencing Guidelines, and the Commission did not do that with respect to the career offender amendment. *See Dillon v. United States*, 560 U.S. 817 (2010) (holding that the Commission's directives in this regard are binding).

Nevertheless, the defendant seeks a different result, claiming that the compassionate release authority of Section 3582(c)(1)(A)(i) authorizes what Congress and the Sentencing Commission have not. The compassionate release statute, § 3582(c)(1)(A)(i), provides that a court "may reduce the term of imprisonment . . . ]after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ."

In Section 603(b) of the First Step Act, Congress amended the statute to provide that a defendant, after denial of a request to BOP that it sponsor a request for compassionate release, or the passage of a specified period of time after seeking BOP's acquiescence, may himself move the court for relief. Previously, only BOP could initiate a motion for compassionate release.

Defendants in the defendant's position argue that the changes to 18 U.S.C. § 3582(c)(1)(A)(i) made by the First Step Act have vested this Court with authority to identify the extraordinary and compelling circumstances that may warrant a sentence reduction. In the government's view, that is incorrect. The First Step Act left unchanged a

critical statutory command: any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides no basis for a sentence reduction based on concern regarding the length of a previously imposed sentence. Further, the government contends, the contrary view essentially reinstates a parole power that Congress specifically eliminated in the Sentencing Reform Act of 1984, allowing a court at any time to reassess a sentence (even a sentence decreed mandatory by Congress).

Numerous district courts were sharply divided on this issue. In recent months, eight Circuit appellate courts have agreed with the defense position that § 1B1.13 is not currently binding. *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Shkambi,* 993 F.3d 388 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. Aruda,* 993 F.3d 797, 802 (9th Cir. 2021); *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021); *United States v. Long*, 997 F.3d 342, 354-59 (D.C. Cir. May 18, 2021). The government disagrees, and more recently, the Eleventh Circuit agreed with the government's view and held that § 1B1.13 remains binding, and therefore forecloses compassionate release based on a nonretroactive change in sentencing law. *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021).

Further, even if the guideline definition of qualifying "extraordinary and compelling reasons" is not controlling, then it is incumbent on the courts to define that phrase. And we insist that a change in sentencing law, that Congress expressly declared nonretroactive, for which ordinary post-conviction relief is not available, cannot suffice.

<mark>- 10 -</mark>

Three Circuits have agreed with that view, and foreclosed compassionate release grounded on a change in sentencing law. *United States v. Jarvis,* 999 F.3d 442 (6th Cir. 2021); *United States v. Thacker*, -- F.4th --, 2021 WL 2979530 (7th Cir. July 15, 2021); *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021). Two Circuits have disagreed, and allowed relief. *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021).

The issue is pending in the Third Circuit. The government has asserted to the Third Circuit at great length that, even if the policy statement is not binding, a nonretroactive change in sentencing law, whether by itself or in combination with other ordinary sentencing factors, cannot stand as "extraordinary" and provide the basis of a sentence reduction under the compassionate release statute. Such a sentence reduction does not remotely comport with the Sentencing Commission's guidance, and more importantly it is inconsistent with the structure of federal sentencing, as the government has explained in detail.

Notably, in this district, in *United States v. Andrews*, 2020 WL 4812626 (E.D. Pa. Aug. 19, 2020), Judge Robreno denied relief from stacked 924(c) sentences, that would be much lower today in light of another nonretroactive change in sentencing law stated in the First Step Act. The court held that the length of a sentence may not qualify as an extraordinary and compelling reason to grant compassionate release "because this would infringe on the legislature's province to fix penalties." *Id.* at *6. Defendant Andrews filed an appeal, at No. 20-2768. He is represented by most able counsel – former United States District Judge John Gleeson and his colleagues at Debevoise & Plimpton, who have

specialized in this issue and pressed it in numerous cases around the country. The matter has been fully briefed and was argued before a panel of the Third Circuit on March 16, 2021.

The government has presented exhaustive briefing on this subject to the Third Circuit, and will provide that briefing to this Court at its direction. But for now, we suggest that, for purposes of judicial economy and consistency, the Court stay the matter pending the Third Circuit's resolution of the controlling question.[3]

---

[3] While a number of courts in this district have granted compassionate release in recent months based on stacked 924(c) terms, others have not. Further, a number of courts have agreed with the suggestion made by the government here that resolution of the issue await *Andrews*. *See, e.g.*, *United States v. Tyrone Briggs*, No. 96-336-1 (Sanchez, C.J.); *United States v. Tyrone Clark*, No. 07-207-1 (Padova, J.); *United States v. James Dou*, No. 09-174-1 (Sanchez, C.J.); *United States v. Markwann Gordon*, No. 99-348 (Bartle, J.); *United States v. Marcel Harper*, No. 05-170-2 (Padova, J.); *United States v. Trance Kale*, No. 09-264-03 (Padova, J.); *United States v. Tevin Lewis*, No. 96-336-2 (Sanchez, C.J.); *United States v. Philip Sainsbury*, No. 07-165-02 (Leeson, J.); *United States v. David Lloyd Shore*, No. 07-66 (Rufe, J.); *United States v. Dameia Smith*, No. 99-445 (DuBois, J.); *United States v. Angel Torres*, No. 03-355-2 (Tucker, J.); *United States v. James Williams*, No. 95-407-2 (Slomsky, J.).

Respectfully yours,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals


*/s Joseph A. LaBar*
JOSEPH A. LaBAR
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served by first-class mail, postage prepaid, upon:

>Mr. Lodise Wadley
>No. 57447-066
>FCI Gilmer
>P.O. Box 6000
>Glenville, WV  26351

>*/s Robert A. Zauzmer*
>ROBERT A. ZAUZMER
>Assistant United States Attorney

Dated:  August 18, 2021.